UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. TUTHILL,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICING, LLC,<br><br>Defendant. | No. 2:25-CV-03573-DJC-AC<br><br>ORDER |

Plaintiff Steven W. Tuthill is in foreclosure proceedings regarding his home. With this action, originally filed in state court, Plaintiff seeks damages and an injunction enjoining a trustee's sale, among other relief, against Defendant Carrington Mortgage Servicing, LLC. Defendant removed the matter to this Court and has filed a Motion to Dismiss the Complaint. For the reasons explained below, the Motion to Dismiss is GRANTED with leave to amend.

///

///

///

///

///

## BACKGROUND

On or around February 5, 2015, Plaintiff Steven Tuthill obtained a mortgage loan on the Subject Property from Vitek Real Estate Industries Group Inc. in the amount of $249,000.00, secured by a deed of trust. (Compl. (ECF No. 1) ¶ 10.) The deed of trust was assigned several times. (*Id.* ¶¶ 11–13.) On February 14, 2022, the deed of trust was assigned to Defendant Carrington Mortgage Servicing LLC. (*Id.* ¶ 11.) Plaintiff received a loan modification on December 18, 2023. (*Id.* ¶ 16 and Ex. H.) A corrective loan modification was recorded on February 10, 2025. (Compl. ¶ 17 and Ex. G.) On April 7, 2025, a Notice of Default and Election to Sell Under a Deed of Trust was recorded in Sacramento County. (Compl. ¶ 14.) On July 9, 2025, a Notice of Trustee's Sale was recorded in Sacramento County. (*Id.* ¶ 15.) The property has a pending foreclosure sale date. (*Id.* ¶ 18.)

Plaintiff initiated this action in state court on November 7, 2025. (*See generally* Compl.) The matter was removed to federal court and thereafter Defendant filed a Motion to Dismiss. (Mot. (ECF No. 15).) Plaintiff filed an Opposition, (Opp'n (ECF No. 21)), and Defendant did not file a Reply. Briefing is now complete. On June 22, 2026, the Court took the matter under submission. (ECF No. 23.)

## LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give

rise to an entitlement to relief[,]" the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *See id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

## DISCUSSION

### I. Requests for Judicial Notice

Defendant requests this Court take judicial notice of several documents related to the Subject Property. (Request for Judicial Notice ("RJN") (ECF No. 16).) Generally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion" unless one of the exceptions applies—materials are submitted as part of the complaint, the complaint necessarily relies on certain documents whose authenticity is not questioned, or the documents are matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Defendant's proffered documents include the deed of trust, assignments to various loan servicers, and loan modification agreements. (*Id.*, Exs. 1–9.) As each of these documents is an official public record, judicial notice of these documents is appropriate even on a motion to dismiss.

Defendant's tenth exhibit is a 2024 report by the California Department of Financial Protection and Innovation, "Annual Report on Activity under the California Residential Mortgage Lending Act." (Ex. 10.) This report is also properly the subject

of judicial notice as it is in the public record.[1] *See Alvarado v. 360 Mortgage Group, LLC*, No. 17-cv-3655-NC, 2017 WL 4647752, at *3 n.2 (N.D. Cal. Oct. 16, 2017) (taking notice of similar report).

## II. Rule 12(b)(6)

### A. California Civil Code § 2923.5

In his first claim, Plaintiff alleges Defendant violated California Civil Code § 2923.5 by failing to notify him about a possible foreclosure and waiting at least thirty days before recording a notice of default. (*See* Compl. ¶¶ 18–22.) This claim fails.

Under section 2923.5, a mortgagee may file a notice of default only thirty days after it either made the initial contact with the borrower or satisfied due diligence requirements. Cal. Civil Code § 2923(a)(1). A mortgagee must also provide a declaration stating that the buyer has been contacted or could not be reached despite due diligence along with the notice of default. *Id.* § 2923(b). The sole remedy for noncompliance with the procedural requirements of section 2923.5 is postponement of a foreclosure sale until there has been compliance with the statute. *Argueta v. J.P. Morgan Chase*, 787 F. Supp. 2d 1099, 1107 (E.D. Cal. 2011) ("The only remedy for violation of [California Civil Code § 2923.5] is postponement of a foreclosure sale until there has been compliance with the statute."); *Skov v. U.S. Bank Nat. Ass'n*, 207 Cal. App. 4th 690, 696 (6th Dist. 2012) (same).

Here, the Complaint states that the Notice of Default was recorded on April 7, 2025, when Plaintiff was living on the property and "had possession prior to when the Notice of Default was issued and received no mail or messages." (Compl. ¶ 20.) Plaintiff further alleges Defendant "failed to satisfy the requirements of Civil Code § 2923.5(a)(2) before recording a Notice of Default and violated this statute and refused to communicate with Plaintiffs." (*Id.* ¶ 21.) Civil Code § 2923.5(a)(2) provides:

---

[1] The report is available online at the Department of Financial Protection & Innovation's website. https://dfpi.ca.gov/news/reports/california-residential-mortgage-lending-act-annual-reports/ (last accessed June 24, 2026).

> (2)(A) A mortgage servicer shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgage servicer shall advise the borrower that the borrower has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.
>
> (B) The mortgage servicer shall notify the borrower during the initial contact required pursuant to subparagraph (A) that a third party, such as a family member, HUD-certified housing counselor, or attorney, may record a request to receive copies of any notice of default and notice of sale pursuant to the process described in Section 2924b and that receiving a copy of these documents may allow the third party to assist the borrower in avoiding foreclosure.

Civil Code § 2923.5(a)(2)(A)–(B). Defendant provides a copy of the Notice of Default and a supporting declaration indicating that due diligence efforts were satisfied. (RJN at Ex. 9.) The statute defines "due diligence" as a series of steps taken to attempt to reach the borrower, including telephone calls, certified letters, and posts on the lenders' website. Civil Code § 2923(g)(1)–(5). In the declaration signed on March 12, 2025, Defendant declares that "The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.55(f) but has not made contact despite such due diligence. At least thirty (30) days have passed since these due diligence efforts were satisfied." (RJN at Ex. 9.)

A borrower may state a cause of action under section 2923.5 by alleging the lender did not actually contact the borrower or otherwise make the required efforts to contact the borrower despite a contrary declaration in the recorded notice of default. *Rossberg v. Bank of Am., N.A.*, 219 Cal. Appl. 4th 1481, 1494 (2013). In any event, while the Court has taken judicial notice of the Notice of Default and supporting declaration, it may not consider the truth of disputed facts asserted therein. "Taking

judicial notice that the bank actually performed certain acts that might constitute compliance with its statutory obligations, based solely on a declaration that avers compliance in a conclusory manner, would of course be vastly different that merely taking judicial notice that the declaration was signed and attached to the notice of default[.]" *Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047, 1057 (2013). Thus, the Court declines to consider the truth of the declaration's contents.

Nevertheless, dismissal of this claim is warranted because Plaintiff concedes that he "was in contact with [Defendant] regarding loss mitigation and Plaintiff submitted a loan modification application." (Mot. at 8–9; *see generally* Compl.) Indeed, Plaintiff provides an exhibit purporting to show a corrective loan modification agreement signed by "Renee Lynn Tuthill signing as Attorney in Fact for Steven W. Tuthill" and Defendant in January 2025, which is a couple of months before the above declaration was signed. (*See* Compl. ¶ 17 and Ex. G.) Plaintiff also provides the original loan modification agreement he entered into with Defendant in 2023. (Compl. ¶ 16 and Ex. H.) As plead, these communications between Plaintiff and Defendant regarding loan modification occurred more than 30 days prior to recording the Notice of Default, and thus, Plaintiff has not alleged a violation of section 2923.5. *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 877 (N.D. Cal. 2010) (dismissing the plaintiff's claims under section 2923.5(a)(1) finding allegations that plaintiff and legal counsel "discussed modification" with the lender to "actually negate a claim that section 2923.5 was violated"); *Martia v. Specialized Loan Servicing, LLC*, 2019 WL 4132500, at *6 (C.D. Cal. Jun. 10, 2019) (dismissing on similar grounds). Because Plaintiff has been aware of his loan modification options at least as early as 2023, it appears he cannot establish prejudice even if given an opportunity to do so. *See Dagres v. Countrywide Bank, N.A.*, No. 2:14-cv-01339-CAS (CWx), 2014 WL 5335851, at *6 (C.D. Cal. Oct. 20, 2014) (finding loan modification discussions established lack of prejudice). Therefore, amendment of this claim would be futile.

Accordingly, Defendant's Motion to dismiss Plaintiff's first cause of action is granted and the § 2723.5 claim is dismissed with prejudice.

**B. Civil Code § 2923.7 Claim**

Defendant asserts that Civil Code § 2923.7 does not apply to it as a small mortgage servicer. (Mot. at 4.) Plaintiff does not address this contention or provide evidence to the contrary but instead argues that the requirements of § 2923.7 should still apply. (*See* Opp'n.)

Section 2923.7(a) states that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." However, § 2923.7(g)(1) states that the section does not apply to a person that during the past year "foreclosed on 175 or fewer residential real properties, containing no more than four dwelling units, that are located in California." Cal. Civ. Code § 2923.7(g)(1). Further, Civil Code § 2924.12, which creates a private right of action for violations of § 2923.7, specifically excludes small servicers, which are defined at § 2924.18, and that definition is identical to the definition in § 2923.7. Cal. Civ. Code § 2924.12(j). Thus, it appears the requirement that a mortgage servicer assign a SPOC upon request does not apply to Defendant Carrington because it is a small mortgage servicer.

To support its contention, Defendant requests the Court consider the California Department of Financial Protection and Innovation's Annual Report on Activity under the California Residential Mortgage Lending Act. (RJN, Ex. 10.) In Table 6, the report provides that Carrington Mortgage Services, LLC, has not reported more than 175 foreclosures since 2019. (*Id.* at 14.) Because the Court has not found any evidence to the contrary and Plaintiff fails to dispute this fact, the Court concludes that Defendant is a small mortgage servicer and that § 2923.7's requirements do not apply. *See Coltrin v. James B. Nutter & Co.*, No. 2019 WL 2191340, at *2 (E.D. Cal. May 21, 2019)

(finding that the statute does not apply to small mortgage servicers). Because no future allegations could cure this deficiency, this claim is dismissed with prejudice.

**C. Remaining Civil Code Claims**

Plaintiff next alleges that Defendant failed to provide him with foreclosure alternatives in violation of Civil Code § 2924.9. (Compl. ¶¶ 28–32.) However, the statute expressly does not apply to small mortgage servicers like Defendant. *See* Civil Code §§ 2924.9(b), 2924.18(b); *see also Coltrin*, 2019 WL 2191340, at *3. As explained above, because this deficiency cannot be cured, this claim is dismissed with prejudice.

So too with Plaintiff's claims under Civil Code § 2923.6(c) and (e). There, the statute expressly provides that subdivisions (c) through (h) inclusive do not apply to entities described in § 2924.18(b). Civil Code § 2923.6(i). Because Civil Code § 2924.18(b) describes small mortgage servicers like Defendant, Plaintiff will not be able to cure this factual deficiency. Accordingly, Plaintiff's remaining Civil Code claims are dismissed with prejudice.

**D. Unfair Business Practices Claim (Bus. & Prof. Code § 17200)**

The UCL prohibits any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Although the three varieties of unfair competition are disjunctive, they are not mutually exclusive; thus, "[a]n act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007).

**1. Standing**

The Court concludes that Plaintiff adequately alleges standing for the unlawful and unfair prongs of the UCL but not as to the fraudulent prong. A claim under the UCL may be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To establish standing under the UCL, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2)

show that economic injury was the result of, i.e., *caused by*, the unfair business practice" that is the basis for the claim. *Kwikset Corp. v. Superior Corp.*, 51 Cal. 4th 310, 322 (2011) (emphasis in original). The California Supreme Court has identified several ways to show economic injury:

> A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary.

*Id.* at 323. Plaintiff has alleged that he is "the rightful and lawful owner[ ]" of his home and that he has suffered "loss of the equity in the value of the Subject Property, and the costs of seeking a remedy for Defendant's wrongful actions." (Compl. ¶¶ 1, 50.) Under the UCL, these statements sufficiently allege economic injury. By alleging "a personal, individualized loss of money or property in any nontrivial amount, [Plaintiff] has also alleged or proven injury in fact." *Kwikset*, 51 Cal. 4th at 325.

As to causation, Plaintiff attributes this loss in equity and litigation costs to varying actions of Defendant related to the loss mitigation review process. (Compl. ¶ 46.) Under the unfair and unlawful prongs of the UCL, Plaintiff need only "allege causation more generally." *Marasigan v. MidFirst Bank*, 2023 WL 3470128, at *7 (S.D. Cal. May 15, 2023) (quoting *Lorenzo v. Qualcomm Inc.*, 2009 WL 2448375, at *6 (S.D. Cal. Aug. 10, 2009). Plaintiff's allegations sufficiently identify Defendant as the source of Plaintiff's harm, and the Court concludes there is standing for purposes of the unfair and unlawful prongs of the UCL.

However, "[f]or claims based on the 'fraudulent' prong of the UCL, courts have held that the plaintiff must allege that the plaintiff justifiably relied on the purported misrepresentations." *Lorenzo*, 2009 WL 2448375, at *6; *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) (concluding that Proposition 64 imposes an "actual reliance requirement" on plaintiffs under the UCL). Plaintiff's Complaint contains a

conclusory allegation that Defendant "negligently made false representations," but fails to identify what these alleged misrepresentations were. (Compl. ¶ 45.) Although Plaintiff is not required to plead the exact language of every allegedly deceptive statement, here, Plaintiff fails to allege any false representation made by Defendant. *See Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 212-13 (1983) (finding plaintiff's alleged misrepresentations sufficient although some were general while others were specific), *superseded by statute on other grounds*. Thus, to the extent that Plaintiff seeks to assert a claim under the UCL based on fraudulent misrepresentation, the Court concludes that Plaintiff has not adequately plead standing. Accordingly, the Court will assess only whether Plaintiff has sufficiently alleged claims under the unlawful and unfair prongs of the UCL.

Because Plaintiff has not adequately alleged standing sufficient to state a claim under the fraudulent prong of the UCL, this claim is dismissed with leave to amend.

**2. "Unlawful" Business Practices**

Plaintiff grounds his unlawful business practice claim in the alleged Civil Code violations noted above. The UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Because the Court has already concluded that Plaintiff has not stated any predicate cause of action under the Civil Code and cannot do so for the reasons explained earlier, the unlawful prong of the UCL claim necessarily fails. *Deschaine v. IndyMac Morg. Servs.*, 617 Fed. App'x 690, 694 (9th Cir. 2015) (concluding district court's dismissal of UCL claim appropriate); *see also Portney v. CIBA Vision Corp.*, No. 8:07-cv-00854-AG-MLG, 2009 WL 305488, at *7 (C.D. Cal. Feb. 6, 2009) ("If the borrowed violations of law or predicate claims lack merit, then the unfair competition claim necessarily fails."). Accordingly, Plaintiff fails to state a claim under the unlawful prong of the UCL, and this claim is dismissed with prejudice.

**3. "Unfair" Business Practices**

The statutory language referring to "any unlawful, unfair or fraudulent" practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "The unfair prong is intentionally framed in its broad, sweeping language, precisely to enable judicial tribunals to deal with the innumerable new schemes which the fertility of man's invention would contrive." *Epic Games Inc. v. Apple, Inc.*, 67 F.4th 946, 1000 (9th Cir. 2023) (citation modified).

In *Epic Games*, the Ninth Circuit clarified that courts use the "balancing" test to support a finding of unfairness to consumers, which "weighs the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id.* (citation modified). As to competitors, the Court explained that the "tethering" test is appropriate. To determine unfairness to competitors, the tethering test "asks whether the defendant's conduct threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Epic Games*, 67 F.4th at 1000 (citation modified). Although Plaintiff is a consumer and not a competitor of Defendant's, because the Court in *Epic Games* noted that the two tests "are not mutually exclusive[,]" this Court will address both tests. Defendant does not address the balancing test but cites to the tethering test. (*See* Mot. at 13–14.)

**i. Tethering Test**

As Defendant points out, the Complaint fails to identify or allege any violation of antitrust law or the spirit or policy of such law. Defendant's assessment is correct. The alleged conduct must be "tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Cel-Tech*, 20 Cal. 4th at 186–87. This requires a "close nexus between the challenged act and the legislative policy." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 866 (9th Cir. 2018). Plaintiff's claims are not

grounded in any particular antitrust law nor sufficiently related to the spirit and policy of such law to satisfy this test. Accordingly, Plaintiff does not state a claim under the tethering test for the unfair prong of the UCL.

In his Complaint, Plaintiff requests the Court follow the alternative reasoning of *Zuniga v. Bank of America, N.A.*, No. 2:14-cv-06471-MWF-MRW, 2014 WL 7156403 (C.D. Cal. Dec. 9, 2014). (Compl. ¶ 51.) The *Zuniga* court explained that the tethering test as applied by the California Supreme Court in *Cel-Tech* was "expressly limited to suits brought by competitors" and "unpersuasive" for consumer actions. *Zuniga*, 2014 WL 7156403, at *5–6. Instead, the court in *Zuniga* applied a three-factor test from *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1401 (2006), which required the following elements: "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Id.* at *7.

But even applying this alternative test, Plaintiff does not meet the third element as his injury is one he could have avoided by not defaulting on his loan and the 2023 modification plan he had previously been awarded. *Zuniga* is distinguishable because in that case, unlike here, the plaintiff did not already have a modification plan in place and was expressly relying on an "explicit promise" by the bank to consider her for a modification plan. In contrast to this case, her injury was <u>not</u> avoidable because she "could not have reasonably expected that [the bank] would not honor its promise." *Id.* at *9.

Accordingly, even under the alternative test Plaintiff proposes, his allegations do not survive, but the Court will grant leave to amend.

**ii. Balancing Test**

The balancing test "weighs the utility of defendant's conduct against the gravity of harm to the alleged victim." *Epic Games*, at 1000. This test is "fact intensive and not conducive to resolution at the [motion to dismiss] stage." *Progressive West Ins.*

*Co. v. Superior Court*, 135 Cal. App. 4th 263, 286 (2005). Mindful of this instruction, the Court yet concludes Plaintiff does not plausibly allege an unfair business practice under the balancing test.

Plaintiff's allegations are too conclusory and unsupported by sufficient facts. Plaintiff contends Defendant failed to "timely and fairly evaluate" his application for loan modification and alternatives and "negligently made false representations." (Compl. ¶¶ 44–45.) He asserts Defendant "purposefully" implemented "a severely flawed loss mitigation review process" that causes "borrowers to incur continuing interest charges that would otherwise be mitigated, late fees, and ultimately foreclosure costs." (*Id.* ¶ 46(a), (b), (c).) Finally, Plaintiff alleges that his communications with Defendants relating to his "financial distress regarding mortgage loan repayment" were "ignored" and that the information he did receive was "misleading and not consistent as to the status of a loan payoff and what he was supposed to do[.]" (*Id.* ¶¶ 46(d), 49.) Because of Defendant's alleged actions, Plaintiff contends he has suffered a loss of equity in his home and expended funds to seek a remedy. (*Id.* ¶ 50.) Plaintiff does not provide specific details regarding either his or Defendant's conduct to support these assertions.

The Court thus concludes Plaintiff does not plausibly allege an unfair business practice under the balancing test, but grants leave to amend. *Cf. Mattos v. Nationstar Mortg., LLC*, No. 2:24-cv-02508-DJC-DMC, 2025 WL 1263985, at *6 (E.D. Cal. May 1, 2025) (finding plausible unfair prong UCL claim).

**III. Leave to Amend**

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), *overruled in part on other grounds in Peralta v.*

*Dillard*, 744 F.3d 1076 (9th Cir. 2014). As detailed above, Plaintiff's Civil Code claims and derivative unlawful prong UCL claim cannot be cured because they expressly do not apply to Defendant, a small mortgage servicer, during the relevant time period. Nor can a complaint be amended to directly contradict an earlier assertion made in the same proceeding, *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (cleaned up), thus amendment of Plaintiff's first claim under § 2923.5 would be futile. Accordingly, Plaintiff's request for leave to amend is denied as to his Civil Code claims and the derivative UCL claim for unlawful business practices.

As to Plaintiff's UCL claim for unfair and fraudulent business practices, Plaintiff is granted leave to amend.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 15) is GRANTED as follows:

1. Plaintiff's Claims 1, 2, 3, 4, 5 under the Civil Code and Claim 6 as to the unlawful prong of the UCL are DISMISSED with prejudice;
2. Claim 6 as to the fraudulent and unfair prongs of the UCL are DISMISSED with leave to amend;
3. Plaintiff is permitted to file an amended complaint consistent with this Order within twenty-one (21) days. Failure to comply with this deadline may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: **July 24, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8 – Tuthill.25cv3573.mtd